The Honorable Sarah S. Agee State Representative 11898 Sage Road Prairie Grove, Arkansas 72753-9168
Dear Representative Agee:
I am writing in response to your request for an opinion on the following question:
 If an individual is appointed to fill a vacancy on a county quorum court for the district in which they [sic] live, and then finds themselves [sic] in a different district after the county election commission has established the new districts, as required after each census, can that individual seek election to the county quorum court from the new district?
RESPONSE
In my opinion the ability of the individual in question to seek election will depend upon the extent to which the district in question is a new district or in reality the one to which he was appointed with only minor variations. My predecessor issued two opinions on the question and I have attached these opinions for your review.
I assume, as an initial matter, that the individual you describe was appointed by the Governor to fill a vacancy on a quorum court. See e.g.,
Arkansas Constitution, Amendment 29, § 1; A.C.A. § 14-14-1310(b) (Repl. 1998); and Ops. Att'y. Gen. 99-009 and 92-142. Amendment 29, § 2 prohibits such an appointee from "succeed[ing] himself." See also Op. Att'y. Gen. 95-245. As you have indicated, however, after every decennial census, the county election commission is required to "divide the county into convenient and single member districts so that the Quorum Court shall be based upon the inhabitants of the county with each member representing, as nearly as practicable, an equal number thereof." Arkansas Constitution, Amendment 55, § 2. You have stated that the individual in question finds himself in a "different district" after this redistricting. This is the only description you have provided of the facts.
My predecessor, in addressing an analogous question, first noted that there is no controlling Arkansas precedent on the question. Op. Att'y. Gen. 91-379. He ultimately stated the following, however:
 It is clear that an appointee . . . would be eligible to run in a neighboring district, or another district to which he was not appointed. He would not thereby by "succeeding himself," but someone else. It might therefore be successfully contended that an appointed official running for a newly reapportioned district is similarly not succeeding himself or anyone else. If the district is in fact a new one, that is, it contains different geographic parameters and constituents and a new district number, as is my understanding in this case, it is my opinion that it has in fact no incumbent; and the appointee, if elected, would not be succeeding to the same office to which appointed.
Opinion 91-379 at 2.
In a later Opinion, however, my predecessor also stated that "[o]f course, there may be close questions in particular instances concerning whether a `new' district actually exists, or whether the old one has only been modified slightly. These questions will ultimately have to be resolved by a court." Op. Att'y. Gen. 91-447 at 1. In yet another opinion on a similar question, however, he also later stated that:
 In my opinion, the intention of Amendment 29, § 2 is to prohibit the appointee from gaining the unequal advantage of incumbency as against those who would seek election to the office. In my opinion, under the circumstances you describe, the Arkansas Supreme Court would evaluate this potential advantage in light of the actual changes made in the geography and constituency served by the new district. In some cases these changes may indeed be "all form and no substance." In others, material changes in representation may lessen or obviate any such advantage. This is ultimately a question of fact for a court of competent jurisdiction.
Opinion No. 98-076 at 9.
I have previously expressed my agreement with the conclusion reached above. See Op. Att'y. Gen. 2001-165. In my opinion, therefore, the ability of the individual you describe to run for and hold the office of quorum court member will depend upon the factual changes to the district after the required redistricting. I am not empowered or equipped as a factfinder in the issuance of official Attorney General opinions. Should the individual you describe file for the office of quorum court member, a judicial action may be brought to test the legality of his inclusion on the ballot.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh